

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 16, 1947

FAGAN DICKSON
FIRST ASSISTANT

Hon. W. K. Baldridge
County and District
    Attorney
Denton County
Denton, Texas

Opinion No. V-348

Re:  Persons qualified
     to vote in an elec-
     tion held under Ar-
     ticle 2742j, Sec.
     1, V.C.S., as amend-
     ed by Acts 1947,
     50th Leg., R. S.,
     S. B. 182.

Dear Sir:

      We refer to your letter of recent date, ac-
knowledged by the Attorney General on July 25, 1947,
requesting an opinion of this office concerning persons
who may vote in an election called to change or incor-
porate a common school district into an independent
school district under the provisions of Article 2742j,
Section 1, V.C.S., as amended by Acts 1947, 50th Leg-
islature, R. S., S. B. 182, Ch. 311.

      Prior to the recent amendment of Article
2742j, there existed two methods by which certain com-
mon school districts could be incorporated or changed
into an independent school district.  Any common school
district not municipally controlled and containing
seven hundred or more inhabitants could, and still may,
be changed or incorporated into an independent school
district by conformance with the provisions of Article
2757, V.C.S.  Article 2757 requires that a petition for
that purpose be presented to the county judge signed by
twenty or a majority of the resident qualified voters
of such a district praying for an election on the mat-
ter.  This statute further provides that only qualified
voters who are residents of the common school district
shall be entitled to vote at said election, and if a
majority of the votes cast favor the proposed incorpo-
ration, the county judge shall so find and enter his
order to that effect.

      A second method by which such a change might
have been effected prior to the 1947 amendment was

provided by Article 2742j, Section 1, V.C.S., enacted
in Acts 1930, 41st Legislature, 5th called session,
S. B. 19, ch. 5. Under this 1930 Act, any common school
district, irrespective of the number of its inhabitants,
could be changed or incorporated into an independent
school district. A. G. Opinions Nos. 0-6190 and 0-3424.
Under S. B. 19, whenever a majority of the legally qual-
ified property taxpaying voters, together with a major-
ity of the trustees of the district, petitioned the
county board of trustees to change or incorporate the
common school district into an independent school dis-
trict and furnished sufficient evidence to said county
board that the district when incorporated would be fi-
nancially able to carry out high school work at a rea-
sonable cost per capita, the county board of trustees
had authority to pass an order incorporating the said
district; and the same would become an independent
school district without the necessity of an election.

This second method of incorporation has been
amended by the 50th Legislature in S. B. 182. Article
2742j, Section 1, as amended, now applies only to "any
common school district in which there is maintained a
first class high school of twelve (12) grades, offer-
ing sixteen (16) or more credits." In a common school
district coming within the specific provisions of Ar-
ticle 2742j, Section 1, as amended, the county judge,
upon presentation of a petition properly signed by twen-
ty or a majority of the legally qualified property tax-
paying voters residing in the district, shall call an
election for the purpose of converting the common school
district into an independent school district. Said a-
mended Act further provides that if the majority of the
votes cast favor the change, the county board of trus-
tees shall pass an order creating said independent
school district and appoint a board of seven trustees
who shall serve until the next regular trustee elec-
tion under the laws of this State, at which time seven
members shall be elected as provided by law.

Thus, under the present laws governing the
change or incorporation of school districts, a common
school district as described or designated in Article
2742j, Section 1, as amended, may incorporate in ac-
cordance with the provisions of said amended statute
by an election, or, if it has seven hundred or more in-
habitants, it may elect to incorporate in accordance
with the provisions of Article 2757, by an election.

        Since a school district having seven hundred or more inhabitants may incorporate under Article 2742j, Section 1, as amended, or under Article 2757, and Article 2757 provides that in such an election "qualified voters who are residents of the common school district proposed to be incorporated shall be entitled to vote," we can conceive of no logical legal basis or reason for construing Article 2742j, Section 1, as amended, as requiring that only legally qualified property taxpaying voters residing in the district of that particular character are entitled to vote in an election held thereunder.  Certainly, the Legislature in amending Article 2742j, Section 1, made no such qualification, nor, do we believe, should any such limitation be implied.

        It is our opinion, therefore, that all persons who are qualified voters and who are residents of a common school district falling within the designation of Article 2742j, Section 1, as amended, are entitled to vote in an election held under and for the purpose set out in said amended statute.  See Article 2955, V.C.S.

        It may not be amiss to direct the attention of those common school districts which contemplate converting or incorporating into independent school districts to the case styled, Bigfoot Independent School District v. Gernard, 116 S. W. (2d) 804, affirmed by the Supreme Court of Texas in 129 S. W. (2d) 1213, holding that where, after a common school district has voted a maintenance tax, the district was regularly converted into an independent school district, the independent school district could not impose the maintenance tax without having first obtained the approval of the voters of the new district, notwithstanding the independent district embraced the identical territory which formed the common school district.

### SUMMARY

        All persons who are qualified voters and who are residents of a common school district of the designation and description set out in Article 2742j, Sec. 1, V.C.S., as amended by Acts 1947, 50th Leg., R. S., S. B. 182, are entitled to vote in an election required thereunder for the conversion of such a common school

district into an independent school dis-
trict.  Arts. 2757, 2955, V.C.S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:djm:jt

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT